**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

12-905

STATE OF LOUISIANA

VERSUS

DESHAUN F. THIBODEAUX

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 04-228846
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**

JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders, and Marc T. Amy, Judges.

**APPEAL DISMISSED. APPELLATE COUNSEL'S MOTION TO WITHDRAW IS DENIED AS MOOT.**

Wayne Simonaud
District Attorney - 16th JDC
Main Street Courthouse Building
St. Martinville, LA 70582
(337) 394-2220
COUNSEL FOR APPELLEE:
    State of Louisiana

Edward J. Marquet
Louisiana Appellate Project
P.O. Box 53733
Lafayette, LA 70505-3733

**(337) 237-6841**
**COUNSEL FOR APPELLANT:**
    **Deshaun F. Thibodeaux**

**Amy, Judge.**

On October 29, 2004, the Defendant, Deshaun F. Thibodeaux, was charged by bill of information with possession of cocaine, 400 grams or more, in violation of La.R.S. 40:967.[1] Pursuant to a plea agreement, on June 29, 2006, the Defendant pled guilty to the amended charge of attempted possession of cocaine over 400 grams and was sentenced to eight years at hard labor, with all but two years suspended, and five years of supervised probation. He was also ordered to pay a fine of $5,000, $750 to the Indigent Defender Board, $500 to the Louisiana State Police for costs of the investigation, $150 to the Sixteenth Judicial District Court Courthouse Security Fund, $50 to the Acadiana Crime Lab Fund, and court costs.

The Defendant's probation was subsequently revoked on January 18, 2012, and he was ordered to serve the remaining portion of his sentence that was not served or that was suspended. A *pro se* motion to reconsider sentence was filed on February 17, 2012, and subsequently denied without a hearing on March 7, 2012.

A *pro se* notice of appeal was filed on March 26, 2012, seeking review of the denial of the Defendant's motion to reconsider sentence. The Defendant was granted an appeal on April 16, 2012, and August 9, 2012, the matter came before this court with the instant case being the appeal of the Defendant's probation revocation. On December 4, 2012, this court issued a rule to show cause why the appeal of the Defendant's probation revocation should not be dismissed as a nonappealable judgment and/or having been untimely perfected.

A response from the Defendant was received in this court on December 20, 2012, wherein the Defendant concedes that an order revoking probation is not an appealable judgment pursuant to La.Code Crim.P. art. 912.1. As such, the Defendant asks this court to construe his notice of appeal as a notice of his intent to

---

[1]In separate bills of information, the Defendant was also charged with possession of marijuana, in violation of La.R.S.40:966(C), and possession of a firearm while in possession of cocaine and marijuana, in violation of La.R.S. 14:95(E).

seek review of his probation revocation by supervisory writ and be allowed thirty days within which to file an application. In a separate motion, counsel for the Defendant requests that the Louisiana Appellate Project's appointment be terminated for the purpose of the probation revocation writ of review.

We find that the probation revocation judgment is not an appealable judgment. Additionally, the appeal was not timely perfected. Thus, the Defendant's request to construe his notice of appeal as a notice of his intent to seek review of his probation revocation by supervisory writ is denied. La.Code Crim.P. arts. 912.1 and 914. Accordingly, we hereby dismiss the Defendant's appeal. Defense counsel's motion to terminate the appointment of the Louisiana Appellate Project is denied as moot.

**APPEAL DISMISSED. APPELLATE COUNSEL'S MOTION TO WITHDRAW IS DENIED AS MOOT.**